UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GUANGLEI JIAO, NAN YU, RUIJI ZHAI, and YANJUN LI, *on behalf of themselves and others similarly situated*,

        Plaintiffs,

v.

CHULAIZHADAO INC., SONGYUE JIN a/k/a Song Yue Jin, LEE UNION STREET, LLC, CHIHYON LEE a/k/a Sandra Lee, PAUL LEE, and SOON-RI LEE,

        Defendants.

**MEMORANDUM & ORDER**
21-CV-05002 (HG) (VMS)

---

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiffs Guanglei Jiao, Nan Yu, Ruiji Zhai and Yanjun Li (collectively, "Plaintiffs") bring this action, on behalf of themselves and others similarly situated, against Defendants Chulaizhadao Inc., Songyue Jin a/k/a Song Yue Jin, Lee Union Street, LLC, Chihyon Lee a/k/a Sandra Lee, Paul Lee and Soon-Ri Lee (collectively, "Defendants") for alleged violations of: (i) New York Labor Law §§ 190 *et seq.,* 650 *et seq.*; (ii) the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; and (iii) the New York Debtor and Creditor Law, as amended by the Uniform Voidable Transfers Act. Presently before the Court is a motion filed by Defendants Lee Union Street, LLC, Sandra Lee, Paul Lee and Soon-Ri Lee (collectively, "Lee Defendants") seeking to dismiss Plaintiffs' complaint against them in its entirety. *See* ECF Nos. 29, 38. For the reasons set forth below, the Lee Defendants' motion to dismiss is granted in its entirety.

## BACKGROUND

    Plaintiffs allege that from August 3, 2015, through November 1, 2019, a restaurant called Shang Shang Qian Inc. ("Shang Shang Qian") leased premises from Defendant Lee Union Street,

LLC.  *See* ECF No. 7 ¶ 40.  The lease, valid through December 3, 2025, provided that Shang Shang Qian could terminate the agreement after the third anniversary of the lease, but would be required to pay an early termination fee and forfeit the security deposit.  ECF No. 7 ¶¶ 41–43; *see also* ECF No. 37-1 at 1, 17.  On October 9, 2018, Plaintiffs, employees of Shang Shang Qian, initiated a lawsuit against Shang Shang Qian for unpaid wages.  *Id.* ¶ 4.[1]  As alleged in the Amended Complaint, on or about November 1, 2019, Defendant Sandra Lee executed a lease termination agreement between Lee Union Street, LLC and Shang Shang Qian ("Lease Termination Agreement"), which required Shang Shang Qian to pay the security deposit or early termination fee as required by the Lease Agreement.  *Id.* ¶¶ 44–46.  Shang Shang Qian shortly thereafter sold the business to Chulaizhadao, Inc. ("Chulaizhadao") and Lee Union Street, LLC entered into a lease with Chulaizhadao.  *See* ECF No. 31 at 1–2.  Plaintiffs allege that the Lee Defendants executed the Lease Termination Agreement in order to facilitate the transfer of Shang Shang Qian to its successor Chulaizhadao "knowing that Shang Shang Qian . . . had been sued for unpaid wages and intending to assist Shang Shang Qian in becoming insolvent and judgment-proof."  ECF No. 7 ¶ 47.

On September 7, 2021, Plaintiffs initiated this action by filing a complaint against Defendant Chulaizhadao, successor of Shang Shang Qian, alleging that Shang Shang Qian committed widespread violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") "by engaging in a pattern and practice of failing to pay its employees, including Plaintiffs, minimum wage, and overtime compensation."  ECF No. 1 at 1.  On November 17, 2022, Plaintiffs filed an Amended Complaint additionally alleging that the sale of

---

[1]   The lawsuit against Shang Shang Qian is pending before this Court, *Jiao v. Shang Shang Qian Inc.*, No. 18-cv-05624 (E.D.N.Y.).

the business from Shang Shang Qian to Chulaizhadao was fraudulent and that Lee Union Street, LLC, the former landlord of Shang Shang Qian and current landlord of Chulaizhadao, aided and abetted the fraudulent transfer in violation of § 273 of the New York Debtor and Creditor Law ("NYDCL"), as amended by the Uniform Voidable Transfers Act ("UVTA"). *See* ECF No. 7 at 1–2, 7–10. On March 31, 2022, the Lee Defendants filed their answer. *See* ECF No. 26.

On April 22, 2022, the Lee Defendants filed a pre-motion conference letter requesting leave to file a motion to dismiss Plaintiffs' Amended Complaint against them on the grounds that: (i) Plaintiffs did not properly set forth a basis for suing Paul Lee, Sandra Lee and Soon-Ri Lee in their individual capacities; and (ii) New York law does not recognize a cause of action for aiding and abetting a fraudulent transfer. *See* ECF No. 29 at 1–2. On May 20, 2022, Plaintiffs filed their response. *See* ECF No. 31. On July 29, 2022, the Court held a pre-motion conference and directed Plaintiffs and the Lee Defendants to submit additional letter briefing on aiding and abetting liability. *See* Minute Entry for Proceedings dated July 29, 2022. On August 12, 2022, Plaintiffs submitted their letter brief, *see* ECF No. 37, and on August 19, 2022, the Lee Defendants submitted their response, *see* ECF No. 38. The Court construes Plaintiffs' and the Lee Defendants' submissions as the motion to dismiss briefing itself.[2] *See* ECF Nos. 29, 31, 37, 38.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556

---

[2] The Second Circuit has "approved the practice of construing pre-motion letters as the motions themselves – under appropriate circumstances." *Kapitalforeningen Lægernes Inv. v. United Techs. Corp.*, 779 F. App'x 69, 70 (2d Cir. 2019) (citation and internal quotation marks omitted) (affirming the district court construing pre-motion letters as the motions themselves). A court does not abuse its discretion in construing a pre-motion letter as the motion itself, where

U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "When determining the sufficiency of plaintiffs' claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in plaintiffs' amended complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *see also Benny v. City of Long Beach*, No. 20-cv-1908, 2021 WL 4340789, at *7 (E.D.N.Y. Sept. 23, 2021). The Court must draw all reasonable inferences in favor of the non-moving party, however, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to state a plausible claim. *Iqbal*, 556 U.S. at 678.

## DISCUSSION

### I. Aiding and Abetting Fraudulent Transfer

Plaintiffs assert that the Lee Defendants violated NYDCL § 273 by aiding and abetting an alleged fraudulent transfer of assets from Lee Union Street, LLC's prior tenant, Shang Shang Qian, to its new tenant, Chulaizhadao. *See* ECF No. 7 ¶¶ 47, 175. Plaintiffs' claim fails because no such cause of action exists under New York law. Moreover, even if it did, it would not extend to the individual Lee Defendants because Plaintiffs' Amended Complaint lacks

---

the party seeking leave to file the motion had a sufficient opportunity to make the necessary arguments to preserve its position for appellate review. *See In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011) (affirming the district court converting a pre-motion letter to a motion). Here, the Court held an oral hearing on the pre-motion letters and further directed the parties to file additional briefing on the claim of aiding and abetting fraudulent transfer, Plaintiffs' only cause of action against the Lee Defendants.

4

allegations sufficient to adequately plead a claim for alter ego liability. Finally, though Plaintiffs discuss whether the Lee Defendants are liable for aiding and abetting fraud, they do not assert that cause of action against the Lee Defendants in their Amended Complaint.

### A. Plaintiffs' Claim Against the Lee Defendants for Aiding and Abetting a Fraudulent Transfer in Violation of NYDCL § 273

NYDCL § 273, as amended by the UVTA effective as of April 4, 2020,[3] provides that "[a] transfer made or obligation incurred by a debtor is voidable as to a creditor . . . if the debtor made the transfer or incurred the obligation: (1) with actual intent to hinder, delay or defraud any creditor of the debtor; or (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor . . . intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due." NYDCL § 273. Plaintiffs assert that the Lee Defendants violated NYDCL § 273 by aiding and abetting an alleged fraudulent transfer of assets from Lee Union Street, LLC's prior tenant, Shang Shang Qian, to its new tenant, Chulaizhadao. *See* ECF No. 7 ¶¶ 47, 175; *see also* ECF No. 37 at 1 ("Plaintiffs' position is that [Lee Defendants] aided and abetted in the fraudulent transfer. . . . [Lee Defendants] should be held jointly and severally liable as to [P]laintiffs on the grounds of aiding and abetting in the fraudulent transfer."). There is no cause of action for aiding and abetting fraudulent transfers or conveyances in New York. "[I]t has been held that 'a creditor cannot seek monetary damages against a party on an aiding and abetting theory of fraudulent conveyance.'" *See Amusement Indus., Inc. v. Midland Ave.*

---

[3] The Lee Defendants allege that NYDCL § 273, as amended by the UVTA, does not apply to them because their role in the alleged fraudulent transfer took place on November 1, 2019, when the Lease Termination Agreement was executed, and the effective date of the UVTA was April 4, 2020. While true, New York recognized a cause of action for fraudulent conveyance prior to the UVTA's effective date: Article 10 §§ 270-281 of the Uniform Fraudulent Conveyance Act.

5

*Assocs.*, 820 F. Supp. 2d 510, 533 (S.D.N.Y. 2011) (quoting *Chemtex, LLC v. St. Anthony Enters., Inc.*, 490 F. Supp. 2d 536, 548 (S.D.N.Y. 2007)); *see also BBCN Bank v. 12th Ave. Rest. Grp., Inc.*, 55 N.Y.S.3d 225, 226 (N.Y. App. Div. 2017) ("[T]here is no cause of action for aiding and abetting a fraudulent conveyance against a person . . . who is alleged merely to have assisted in effecting the transfer, in a professional capacity, and who is not alleged to have been a transferee of the assets or to have benefited from the transaction."). Thus, Plaintiffs' claim for aiding and abetting fraudulent transfer must be dismissed as to all Lee Defendants.

It should also be noted that Plaintiffs cannot directly assert a fraudulent conveyance or fraudulent transfer claim against the Lee Defendants. "[A] fraudulent conveyance claim may be brought against a defendant who assisted in the fraudulent conveyance where the defendant was itself a transferee of the assets or a beneficiary of the conveyance." *Amusement Indus.*, 820 F. Supp. 2d at 533; *see also* NYDCL § 273. The Lee Defendants are neither the transferee of the assets nor the beneficiary of the conveyance and as such, Plaintiffs cannot plausibly allege a fraudulent conveyance claim against them. *See Roselink Invs., LLC v. Shenkman*, 386 F. Supp. 2d 209, 226–27 (S.D.N.Y. 2004) ("New York law does not recognize a creditor's remedy for money damages against parties who, like defendants here, were neither transferees of the assets nor beneficiaries of the conveyance.") (citation and internal quotation marks omitted).

### B. Plaintiffs' Claim Against the Individual Lee Defendants

Under New York Law, a limited liability company ("LLC") shields its members from personal liability resulting or arising from their participation in the conduct of the business of the LLC. *See Gartner v. Snyder*, 607 F.2d 582, 586 (2d Cir. 1979). Courts will, however, "disregard the corporate form, or . . . pierce the corporate veil, whenever necessary to prevent fraud or to achieve equity." *Morris v. N.Y. State Dep't of Tax'n & Fin.*, 623 N.E.2d 1157, 1160

(N.Y. 1993) (citation and internal quotation marks omitted); *see also Careccia v. Macrae*, No. 05-cv-1628, 2005 WL 1711156, at *2 (E.D.N.Y. July 19, 2005). To pierce the corporate veil under an alter ego theory, "a plaintiff must prove (1) that the person or entity sought to be held liable on said theory exercised complete domination over the corporation with respect to the transaction at issue[;] and (2) that such domination was used to commit a fraud or wrong that injured . . . the party seeking to pierce the veil." *Two Kids From Queens, Inc. v. J & S Kidswear, Inc.*, No. 09-cv-3690, 2010 WL 475319, at *2 (E.D.N.Y. Feb. 8, 2010) (citation and internal quotation marks omitted).

In order to satisfy the first prong, Plaintiffs must prove that Lee Union Street, LLC was dominated by individual Defendants Paul Lee, Sandra Lee and Soon-Ri Lee. Courts look to factors including, *inter alia*: "the absence of the formalities and paraphernalia that are part and parcel of the corporate existence, i.e., issuance of stock, election of directors, keeping of corporate records and the like"; "inadequate capitalization"; "whether funds are put in and taken out of the corporation for personal rather than corporate purposes"; and "the amount of business discretion displayed by the allegedly dominated corporation." *Id.* at *3 (citation omitted). Plaintiffs' conclusory allegations here are insufficient to pierce the corporate veil. *See Iqbal*, 556 U.S. at 678. With respect to the individual Lee Defendants, Plaintiffs allegations are limited to: (i) Defendant Paul Lee signed the original lease agreement between Lee Union Street, LLC and Shang Shang Qian, *see* ECF No. 7 ¶ 43; ECF No. 37-1 at 4, 18; (ii) Defendant Sandra Lee signed the Lease Termination Agreement, ECF No. 7 ¶ 44; ECF No. 37-2 at 1; and (iii) Defendants Paul Lee, Sandra Lee and Soon-Ri Lee are principal members of Lee Union Street, LLC, *see* ECF No. 7 ¶ 23. Both Sandra Lee and Paul Lee signed the respective lease and termination agreements in their capacity as members of Lee Union Street, LLC. *See* ECF No. 37-1 at 4; ECF No. 37-2 at 1.

There are no other allegations in the Amended Complaint that would suggest that the individual Lee Defendants disregarded corporate formalities, used the corporation funds for personal rather than corporate purposes, or otherwise "exercised complete domination over the corporation." *Two Kids From Queens*, 2010 WL 475319, at *2. Absent allegations that give rise to the plausible inference that Paul Lee, Sandra Lee and Soon-Ri Lee dominated Lee Union Street, LLC to commit a fraud or a wrong, Plaintiffs cannot adequately plead a claim for alter ego liability. Accordingly, Plaintiffs' claim against Paul Lee, Sandra Lee and Soon-Ri Lee is dismissed.

### C. Plaintiffs Do Not Assert a Claim for Aiding and Abetting Fraud Against the Lee Defendants

To establish a claim for aiding and abetting fraud under New York law, a plaintiff must show "(1) the existence of a fraud; (2) [the] defendant's knowledge of the fraud; and (3) that the defendant provided substantial assistance to advance the fraud's commission." *Krys v. Pigott*, 749 F.3d 117, 127 (2d Cir. 2014) (citation and internal quotation marks omitted). Plaintiffs spend a significant portion of their supplementary briefing addressing the three-prong test for aiding and abetting fraud. *See* ECF No. 37. However, Plaintiffs did not raise this cause of action against the Lee Defendants in their Amended Complaint. *See* ECF No. 7 at 27 ("Count XI. Violation of New York Labor Law—Voidable Fraudulent Transfer Brought on behalf of Plaintiffs against Defendants"); *id.* ¶ 175 ("The sale of business from Shang Shang Qian Inc. to CHULAIZHADAO INC. was done with actual intent on the part of the Defendants to hinder, delay, or defraud the Plaintiffs within the meaning of NYDCL § 273(b)."). Accordingly, any arguments with respect to aiding and abetting fraud are irrelevant.

## II. Leave to Amend

The Court grants Plaintiffs thirty days from the date of this Order to file an amended Complaint.

"A court should freely give leave when justice so requires, and it is the usual practice upon granting a motion to dismiss to allow leave to replead.  However, a court need not grant leave to amend if amendment would be futile.  Proposed amendments are futile if they would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *In re Curaleaf Holdings, Inc. Secs. Litig.*, 519 F. Supp. 3d 99, 111 (E.D.N.Y. 2021) (citations and internal quotation marks omitted).

Plaintiffs have not explicitly sought leave to amend their Amended Complaint should the Court find that their Amended Complaint fails to state a claim against the Lee Defendants. However, the Court cannot conclusively determine that any amendment to the complaint to add a claim for aiding and abetting fraud would be futile, and therefore grants Plaintiffs leave to file an amended complaint. *See Woo Hee Cho v. Oquendo*, No. 16-cv-4811, 2018 WL 9945701, at *12 (E.D.N.Y. Aug. 25, 2018) ("When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint.").

## **CONCLUSION**

For the foregoing reasons, the Lee Defendants' motion to dismiss is GRANTED in its entirety.

SO ORDERED.

                                                   */s/ Hector Gonzalez*
                                                   HECTOR GONZALEZ
                                                   United States District Judge

Dated:  Brooklyn, New York
        September 7, 2022